J-A33034-14

2015 PA Super 122

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ROBERT N. SITLER | |
| Appellee | No. 3051 EDA 2013 |

Appeal from the Order of November 1, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0000389-2013

BEFORE:  LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

CONCURRING AND DISSENTING OPINION BY WECHT, J.:**FILED MAY 21, 2015**

I join the learned Majority in two respects.  First, I agree with the Majority that, because Sitler has not yet pleaded guilty to any *crimen falsi* offenses, the issue of whether any evidence pertaining to those particular offenses would be admissible at Sitler's homicide by vehicle trial is not yet ripe for review.  **See** Maj. Op. at 8-9.  I also agree with the Majority in upholding the trial court's order holding the evidence related to Sitler's consumption of three alcoholic beverages approximately three hours before driving the truck inadmissible.  **Id.** at 13-18.  I join those portions of the Majority's opinion.

_____

[*]    Retired Senior Judge assigned to the Superior Court.

However, I disagree with the Majority's conclusion that Sitler's prior vehicular manslaughter conviction in Alabama was inadmissible at Sitler's upcoming trial. In my view, the Commonwealth correctly asserts that Sitler's conviction was admissible as a prior bad act pursuant to Pa.R.E. 404(b) to prove Sitler's knowledge that his conduct could result in the death of another person for purposes of proving, *inter alia*, the recklessness element of homicide by vehicle. **See** Brief for Commonwealth at 29-30.[1] Thus, I respectfully dissent from the portion of the Majority's opinion holding otherwise.[2]

Evidence of prior bad acts is governed by Rule 404(b) of our rules of evidence.

> Evidence of prior bad acts is generally inadmissible to prove character or to show conduct in conformity with that character. Pa.R.E. 404(a)(1). Such evidence is, however, admissible when offered to prove other relevant facts, such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or *res gestae* to give context to events surrounding a crime. While evidence of prior bad acts may be relevant and admissible, due to the potential for

---

[1]    The Commonwealth also notes in its brief that the prior conviction would be relevant to demonstrate "lack of accident" under Rule 404(b). **See** Brief for Commonwealth at 23. However, the Commonwealth does not develop this argument. Rather, the Commonwealth focuses the entirety of its argument upon the knowledge exception to Rule 404's general proscription on the admission of prior bad acts. Thus, I will not address the Commonwealth's "lack of accident" argument.

[2]    Because the Majority aptly has summarized the factual and procedural history of this case, I need not repeat that information here.

misunderstanding, cautionary instructions are sometimes required.

***Commonwealth v. Reid***, 99 A.3d 427, 451 (Pa. 2014) (citations omitted).

"The Commonwealth must prove beyond a reasonable doubt that a defendant has committed the particular crime of which he is accused, and it may not strip him of the presumption of innocence by proving that he has committed other criminal acts." ***Commonwealth v. Ross***, 57 A.3d 85, 98-99 (Pa. Super. 2012) (*en banc*) (citations omitted).

As the Majority notes, in ***Ross***, an *en banc* panel of this Court acknowledged the possibility that Rule 404(b)(2)'s exceptions could swallow the general rule. The ***Ross*** panel offered the following caution:

> The purpose of Rule 404(b)(1) is to prohibit the admission of prior bad acts to prove "the character of a person in order to show action in conformity therewith." Pa.R.E. 404(b)(1). While Rule 404(b)(1) gives way to recognized exceptions, the exceptions cannot be stretched in ways that effectively eradicate the rule. With a modicum of effort, in most cases it is possible to note some similarities between the accused's prior bad act conduct and that alleged in a current case. To preserve the purpose of Rule 404(b)(1), more must be required to establish an exception to the rule—namely a close factual nexus sufficient to demonstrate the connective relevance of the prior bad acts to the crime in question. . . . [T]his Court has warned the prior bad acts may not be admitted for the purposes of inviting the jury to conclude that a defendant is a person "of unsavory character" and thus inclined to have committed the crimes with which he/she is charged. ***See, e.g., Commonwealth v. Kjersgaard***, 419 A.2d 502, 505 (Pa. Super. 1980).

***Ross***, 57 A.3d at 105-06 (citation modified). I have considered this warning. Upon reviewing the issue carefully, I nonetheless conclude that there exists in this case "a close factual nexus sufficient to demonstrate the

- 3 -

connective relevance" of Sitler's prior conviction for vehicular manslaughter to the principal charge at issue in the present case.

Sitler is charged with, *inter alia*, homicide by vehicle. A person is guilty of homicide by vehicle if he "recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle . . ., when the violation is the cause of death." 18 Pa.C.S. § 3732(a). Recklessness, an essential element of homicide by vehicle, is defined as follows:

> A person acts recklessly with respect to a material element of an offense when he **consciously** disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances **known** to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3) (emphasis added). Thus, the *mens rea* of recklessness implicates knowledge in two ways: (1) the actor must consciously (*i.e.*, with knowledge) disregard a substantial and unjustifiable risk; and (2) the risk that the actor disregards is measured by the circumstances known to the actor. By any reasonable measure, Sitler's knowledge that his conduct created a risk that he subsequently disregarded is central to the Commonwealth's case against him. Facially, therefore, Sitler's prior conviction for vehicular manslaughter would be admissible pursuant to the knowledge exception codified in Pa.R.E. 404(b)(2).

However, per **Ross**, I must ascertain whether a close factual nexus exists between the two events before determining admissibility with finality.

The Commonwealth alleges that Sitler, driving his pick-up truck, followed perilously close to the rear bumper of Ms. Qawasmy's van. When Ms. Qawasmy activated her turn signal and initiated a right hand turn, Sitler purportedly revved his engine, sped past Ms. Qawasmy's van, and struck a pedestrian, all while driving at least fifteen miles per hour over the speed limit. The facts of Sitler's Alabama conviction bear a sufficient resemblance to those in the case *sub judice*. In 2006, Sitler pleaded guilty to vehicular manslaughter, a crime which also requires a demonstration of recklessness. In that case, Sitler was driving closely behind another vehicle early in the morning through a dense fog. When the driver in front of Sitler applied his brakes, Sitler swerved around that driver and hit an oncoming vehicle, killing a person inside. Sitler pleaded guilty to the crime, including the factual and legal averment that his actions were reckless and that said recklessness resulted in the death of another person.

Although the facts of the cases differ in trivial ways, the commonalities between the two are amply sufficient to create the necessary nexus rendering the Alabama conviction admissible in the instant case. In both cases, Sitler was operating a motor vehicle too closely to another vehicle while travelling at an excessive speed and attempted to pass the other vehicle when it braked; that combination of factors led to the death of another person while Sitler attempted the pass. Because of these

similarities, I would hold that the Alabama conviction is admissible to demonstrate that Sitler knew that his hazardous driving created a substantial risk that the death of another may result therefrom. The conviction is also relevant to prove not only that Sitler knew of the risk, but also that he consciously disregarded it.

Finally, even though facially admissible, the probative value of prior bad acts evidence must still outweigh its "potential for unfair prejudice." Pa.R.E. 404(b)(2). There is inherent prejudice any time a prior bad act such as a criminal conviction is introduced against a criminal defendant. That is why we have been, and should be, very cautious in our evaluation of these claims, and also why the *en banc* panel issued the warning excerpted from **Ross** above. However, recklessness is a component central to a homicide by vehicle prosecution, and knowledge is essential to that proof. As such, the prior conviction in this case has significant probative value. The probative value would outweigh any potential prejudice that might inhere from the introduction of the prior crime, particularly if the crime is introduced to the jury along with a cautionary instruction by the trial court. **See Russell**, 938 A.2d at 1092 (holding that admission of prior juvenile adjudication to prove arsonist's knowledge of accelerants was not unfairly prejudicial because, *inter alia*, the evidence was accompanied by a curative instruction.).

For all practical purposes, the Majority's conclusion that the evidence was inadmissible rests exclusively upon its premise that everyone who

drives knows that driving recklessly creates risk to other drivers and pedestrians. *See* Maj. Op. at 12, 13. However, the inquiry is not so simple. As set forth above, proof of knowledge plays a vital role in the Commonwealth's burden of proof for a homicide by vehicle prosecution. The Majority ignores this role *in toto*, apparently believing that, because every driver knows that driving recklessly creates risk, no other evidence of knowledge has any probative value. I simply cannot ignore the probative value that Sitler's prior conviction has in a case such as this, as the Majority would.

In my view, the trial court abused its discretion by granting Sitler's motion *in limine*. For the preceding reasons, I would hold that Sitler's prior conviction is admissible pursuant to Pa.R.E. 404(b)(2). Because the Majority concludes otherwise, I respectfully dissent.